## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| ORCHARD DEVELOPMENT GROUP, INC. | ) | | |
| | ) | | FILED |
| Plaintiff, | ) | | MARCH 17, 2008          YM |
| | ) | | 08CV1562 |
| v. | ) | No. | |
| | ) | | JUDGE KOCORAS |
| TRIANON PROPERTIES, INC. | ) | | MAGISTRATE JUDGE ASHMAN |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Orchard Development Group, Inc., ("Orchard"), for its Complaint against Defendant Trianon Properties, Inc., (hereafter "Trianon Properties" or "Defendant"), states the following:

### NATURE OF THE ACTION

1.      Orchard seeks a declaratory judgment pursuant to 28 U.S.C.§ 2200, *et seq.,* that it has the right to use the term "TRIANON" in connection with the name of a residential property condominium building without the threat of litigation or other interference by Defendant. In particular, Orchard seeks a declaration that Defendant does not have the exclusive right to use the term "TRIANON" in connection with the name of a residential property condominium building and therefore Orchard's use or intended use of that term cannot constitute trademark infringement or unfair competition under Title 15 of the United States Code.

## JURISDICTION AND VENUE

2.     This Court has original exclusive subject matter jurisdiction over Orchard's claim pursuant to 15 U.S.C. 1121(a), 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C.§ 2200, *et seq.*

3.     Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the acts and events giving rise to Orchard's claims occurred in this judicial district, including but not limited to Trianon Properties making cease and desist demands upon Orchard and others within this judicial district, and the Defendant "resides" in this judicial district as it is subject to personal jurisdiction in this judicial district.

## THE PARTIES

4.     Plaintiff  Orchard Development Group, Inc. is an Illinois corporation with its principal offices at 561 W. Diversey Parkway, Suite 202, Chicago, Illinois 60614.

5.     Orchard is a distinguished developer of sustainable single and multi-family residences in both urban and suburban communities including high-rise buildings featuring luxury condos, shops, restaurants and exceptional plaza space.

6.     On information and belief, Defendant Trianon Properties, Inc.  is a Florida corporation, with its principal place of business at 745 12 Avenue South, Suite 100, Naples Florida 43102.

## PLAINTIFF'S LIMITED USE OF THE TERM "TRIANON"

7.      Orchard uses the term "TRIANON" otherwise than as a mark and limited as the name of a residential property condominium building located in Clayton, Missouri, a suburb of St. Louis, Missouri. The building name has been displayed as:



8.      Orchard has adopted a domain name of  www.trianoncondos.com with respect to Orchard's use of the term "TRIANON" otherwise than as a mark and limited as the name of a residential property condominium building located in Clayton, Missouri.

9.      Orchard uses the term "TRIANON" otherwise than as a mark and limited as the name of a residential property condominium building located in Clayton, Missouri and not as a source indicative trademark or service mark used to differentiate Orchard's development services from those of others.

10.      Orchard has adopted other names for residential property condominium buildings, including in St. Louis: Terra Cotta Lofts, Annex Lofts, Lafayette Walk and Ely Walker Lofts in St. Louis Missouri, and Creekside at Parker and Dry Creek Crossing in Denver, Colorado

11.      The use and display of the building names by Orchard is usually in conjunction with prominent display of Orchard as the developer, for example,



12.    Orchard's usage the term "TRIANON" as so restricted as the name of a residential property condominium building located in Clayton, Missouri has been displayed:



13.  The term "TRIANON" means "a special place".

4

## THIRD PARTY USE OF THE TERM "TRIANON"

14.    Numerous third parties have used and/or are using the term "TRIANON" as the name of a residential property building or location, both in the United States and worldwide, long before adoption thereof by Trianon Properties.

15.    The term "TRIANON" is recognized as the name of a palace near Versaillles, France, a skyscraper in Frankfurt, Germany,  and many building, hotels, and urban parks both in the United States and worldwide long before adoption thereof by Trianon Properties.

16.    Trianon Properties has advertised and stated that the term "TRIANON" means "a special place".

17.    Plaintiff and others have used the term "TRIANON" otherwise than as a mark as meaning "a special place", such use being a fair use under 15 U.S.C. § 1115(b).

## THE DEMANDS OF DEFENDANT TRIANON PROPERTIES

18.    On information and belief, Trianon Properties is the owner of  United States Service Mark Registration No. 2,170,201 for the mark:



, with respect to the services of "hospitality industry services offered to travelers and guests, namely, temporary accommodations" and claiming a date of first usage anywhere of December 15, 1997 and first usage in commerce of February 1, 1998.

19.    On information and belief, Trianon Properties is the owner of United States Service Mark Registration No. No. 3,314,156  for the standard character mark: TRIANON, with respect to the services of:

> "Real estate agencies services; real estate listing services; real estate brokerage services; providing information about real estate agencies, brokerage, investment, appraisal, procurement, time-sharing, rental and leasing to others; mortgage lending, mortgage banking, mortgage brokerage, mortgage services, namely mortgage procurement for others and maintaining mortgage escrow accounts, and financing services pertaining to real estate; operating marketplaces for sellers of goods and/or services; providing information in the field of real estate by linking the web site to other web sites featuring real estate information; real estate management; real estate investment; real estate appraisal; real estate procurement for others; real estate time-sharing; rental of apartments, condominiums, office space and real estate; leasing of apartments, office space, real estate and shopping mall space; trust services, namely investment and trust company services; representative services and trust administration; financial analysis and consultation; planning; financial portfolio management; capital investment consultation and advice; real estate investment; capital investment consultation; of funds for others; investment of funds, mutual funds and real estate; capital investment; investment of trust funds for others; investment and financial investment in the field of real estate and securities; internet"

and claiming a date of first usage of January 23, 2004.

20.    On February 29, 2008, counsel for Trianon Properties sent a letter to Plaintiff alleging that Trianon Properties, Inc. is the owner of the foregoing U.S. Service Mark Registration No. 2,170,201 and 3,314,156. The letter also claimed Plaintiff has ownership rights in the United States Service Mark Registration No. 2,236,377 of Registrant Patrick Longe for the mark: TRIANON, with respect to the services of: "development and construction of commercial and residential buildings" which claims a date of first usage anywhere of December 20, 1989 and first usage in commerce of February 1, 1990. Attached hereto as Exhibit A is a true and correct copy of the February 29, 2008 letter.

21.    The February 29, 2008 letter also asserted that Trianon Properties had become aware of Orchard's use of the term "TRIANON" in connection a residential property condominium building located in Clayton, Missouri.

22.    The February 29, 2008 letter claimed that Orchard's use of the term "TRIANON" constituted "trademark infringement and unfair competition under federal law" under Section 32 of the Lanhan Act, 15 U.S.C. § 1140, and cyberpiracy under the Anti-cyberpiracy Consumer Protection Act, 15 U.S.C. 1125(d)(1)(A).

23.    The February 29, 2008 letter further demanded that Orchard "cease and desist from any and all further use" of the term TRIANON "on or in connection with any advertisement, publication, verbal statement, service, or goods" and further itemized eight "demands" upon Orchard for immediate response, under treat of legal action if a satisfactory response was not "immediately" provided.

24.    Further discussions between a representative of Plaintiff and Defendant's counsel have not led to a resolution of the dispute.

25.    The foregoing accusation and demands of Trianon Properties have given rise to a case of actual controversy within the jurisdiction of the Court pursuant to 28 U.S.C. §§ 2201-2202.

26.    Defendant's assertions that Plaintiff is violating its legal rights irreparably injures Plaintiff and adversely affects and, unless prevented by this Court, will continue to so affect Plaintiff's business and the immense investment it has made in the TRIANON residential property condominium building located in Clayton, Missouri. To resolve the legal and factual questions raised by the Defendant and to afford relief from the uncertainty in controversy which

Defendant's assertion has precipitated, Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201-2202.

### CLAIM FOR RELIEF
### Declaratory Judgment (28 U.S.C. § 2200)

27.     Orchard repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

28.     Orchard's use of the term "TRIANON" otherwise than as a mark and limited as the name of a residential property condominium building located in Clayton, Missouri does not constitute trademark infringement or unfair competition.

29.     Defendant's service mark registrations and use of the term "TRIANON" does not provide Defendant with the exclusive right to use the term "TRIANON" as a non-source indicative building name particularly in Clayton, Missouri wherein Defendant, upon information and belief, has had no usage of the term "TRIANON".

30.     Orchard's use of the term "TRIANON" otherwise than as a mark and limited as the name of a residential property condominium building located in Clayton, Missouri will not lead to a likelihood of source confusion.

31.     Orchard's use of the term "TRIANON" otherwise than as a mark and limited as the name of a residential property condominium building located in Clayton, Missouri does not and will not infringe any rights of Defendant and does not constitute trademark infringement, false designation of origin, false description, dilution, unfair competition, cyberpiracy, or misappropriation.

8

32.    Orchard faces a real and reasonable apprehension of litigation on the part of the Defendant related to Orchard's use of the term "TRIANON" in connection with its residential property condominium building located in Clayton, Missouri.

## PRAYER FOR RELIEF

WHEREFORE, Orchard respectfully requests this Court to enter an Order declaring that:

1.    Orchard has the right to use the term "TRIANON" limited as the name of a residential property condominium building located in Clayton, Missouri;

2.    Defendant does not have the exclusive right to use the term "TRIANON" as the name of a residential property condominium or a location;

3.    Orchard's sale or offering for sale of condominiums or residential units that are promoted or marketed as being located at a residential property condominium building located in Clayton, Missouri named "TRIANON" and any associated marketing of the "TRIANON" building itself does not infringe any trademark right owned by Defendant and does not constitute false designation of origin, false description, dilution, unfair competition, cyberpiracy, or misappropriation;

4.    Defendant be required to pay to Orchard the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

5.    For such other and further relief as the Court may deem just.

Respectfully submitted,


By:

Dated: March 17, 2008

s/marvin n. benn/
MARVIN N. BENN
JAMES P. HANRATH.

MUCH SHELIST DENENBERG
  AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Phone: (312) 521-2000
Attorneys for Plaintiff

# EXHIBIT A

08CV1562
JUDGE KOCORAS
MAGISTRATE JUDGE ASHMAN

# WHITELAW LEGAL GROUP
## *Attorneys at Law*

3838 TAMIAMI TRAIL NORTH
THIRD FLOOR
NAPLES, FLORIDA 34103

(239) 262-1001
TELECOPIER (239) 261-0057

INTELLECTUAL PROPERTY
AND RELATED CAUSES

JENNIFER L. WHITELAW, ATTORNEY
email: j@whitelawfirm.com

**VIA FEDEX and E-MAIL:  info@orcharddevelopmentgroup.com;
info@trianoncondos.com;  tech@mauge.com**

**URGENT**

February 29, 2008

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
561 W. Diversey Parkway, Suite 202
Chicago, IL 60614

Mauge, Inc.
ATTENTION: Ms. Carmen Maugeri
1629 N. Milwaukee Avenue, Floor 2
Chicago, IL 60647

**Re:  Trianon Properties, Inc. adv. Orchard Development
Group, Inc., Mauge, Inc., et al.**

Dear Mr. Case and Ms. Maugeri:

This firm represents Trianon Properties, Inc. (hereinafter
referred to as "Trianon" or "our client"), a highly respected and
successful business engaged in the real estate development and
construction business and many related goods and services.

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
and
Mauge, Inc.
ATTENTION:  Ms. Carmen Maugeri
February 29, 2008
Page 2


Our client and its principals are the owner of all trademark
rights in and to the mark TRIANON, and corresponding design,
(hereinafter alternately referred to as the "TRIANON Mark" or
"our client's Mark"), and owns all right, title and interest in
U.S. Registration Nos. 3,314,156, 2,236,377, (a registration
which has become incontestable pursuant to the federal Trademark
Act) and 2,170,201, (a registration which has also become
incontestable pursuant to the federal Trademark Act).  These
registrations serve as nationwide, constructive notice of our
client and its trademark rights.

Our client is a highly successful and nationally known business
in the commercial and residential real estate fields and related
areas and its first use of the TRIANON Mark for those goods and
services dates back to at least as early as 1990.  Its success
and long standing reputation are the result of innovation and
hard work.  Its unique place in the marketplace is due to, among
other things, diligent efforts to create its distinction by
utilizing various designations of origin, including the TRIANON
Mark and design.  These efforts have been overwhelmingly
successful and have created customer awareness and brand identity
that is unique to our client, and no other.

The TRIANON Mark has been extensively used in interstate commerce
and that use has expanded and continues today, more than ever, to
be the subject of extensive marketing campaigns and advertising
expenditure to create brand identity, including but not limited
to over the internet at its website at www.trianon.com.  These
many efforts are designed to, and do, educate the consuming
public as to the unique source of its products advertised and
sold under its valuable marks.  It is for all of the above
reasons, as well as for the reasons expressed hereinafter, that
our client vigorously pursues the enforcement of its trademark
rights.

We are in receipt of information showing that your company is
using, in commercial advertising, the confusingly similar mark
"TRIANON", and a confusing similar design mark (hereinafter the
"Accused Marks"), for similar or identical goods and services,
namely for a large condominium real estate development in

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
and
Mauge, Inc.
ATTENTION:  Ms. Carmen Maugeri
February 29, 2008
Page 3


Clayton, Missouri.  This unauthorized use of the Accused Marks by
you and your company has resulted in actual confusion in the
marketplace, a situation which is intolerable in the highly
competitive, national real estate market and is exactly the sort
of wrong that was intended to be prevented by the enactment of
the federal Trademark Act.

Our investigation further discloses that you also have, without
the permission or consent of our client, registered the following
top level internet domain name: trianoncondos.com, (hereinafter
"the Accused Domain Name"), which unauthorized domain name wholly
incorporates the Accused Mark and we have some concerns that you
may have registered, or intend to register, other similar top
level domain names incorporating our client's trademarks.

**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION:** Your use of the
Accused Marks in advertising may constitute, among other wrongs,
trademark infringement and unfair competition under federal law,
both of which are unlawful under Title 15, United States Code
(The Lanham Act), Section 32, which provides as follows:

> (1) Any person who shall, without the consent of the registrant–
>
>> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>>
>> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

**CYBERPIRACY:**  Your actions in registering the Accused Domain Name
is also easily characterized pursuant to the Anticyberpiracy
Consumer Protection Act, 15 U.S.C. 1125(d)(1)(A), which provides
as follows:

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
and
Mauge, Inc.
ATTENTION:  Ms. Carmen Maugeri
February 29, 2008
Page 4

(d)(1)(A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person–

(I) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

(ii) registers, traffics in, or uses a domain name that--

(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

(II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or

(III) is a trademark, word, or name protected by reason of section 706 of title 18, United States Code, or section 220506 of title 36, United States Code.

It seems equally clear that the respective marks and designs are so strikingly similar as to not be merely a coincidence.  When that obvious observation is coupled with the fact that the architectural rendering featured on your website is very similar to properties of our client, it appears likely that you did have actual, prior knowledge of our client prior to adopting the Accused Marks and/or you failed to conduct a comprehensive trademark search.  All of these factors leads us to reasonably conclude that you simply chose to copy our client's intellectual property and, instead of creating your own original marks and works, you chose to ignore our rights and instead you proceeded at your significant peril, all contrary to well established case and statutory law.  If this is true, your actions can be fairly characterized as being willful, which could result in serious additional liability to both your company and its principals.

For the foregoing reasons, this letter constitutes our demand that you and your company immediately cease and desist from any and all further use of the Accused Marks on or in connection with any advertisement, publication, verbal statement, service, or goods you and your company provide or in any other matter that would be likely to cause confusion as to the source of those

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
and
Mauge, Inc.
ATTENTION:  Ms. Carmen Maugeri
February 29, 2008
Page 5


advertisements, publications, verbal statements, services, or
goods.

In addition, you must respond **immediately upon receipt of this
letter** and provide to us the following:

1.      Written assurances that all use of the Accused Marks has
        ceased and will not be used at any time in the future;

2.      Written disclosure of any and all other uses of the term
        "**TRIANON**" or any combinations or iterations thereof, and
        all other similar or related word marks and/or designs
        used by you and/or your company or related business
        entities;

3.      Written assurances that ownership of the Accused Domain
        Name, trianoncondos.com, and any and all other similar
        domain names, will be immediately transferred to our
        client, at your sole expense (not just disabled or
        abandoned);

4.      Written assurances that all promotion, advertising,
        marketing, or the like, which bear the Accused Marks has
        been retracted, canceled, and discontinued as of the date
        of your receipt of this letter;

5.      Written assurances that you will recall and destroy any
        brochures, catalogs, advertising, electronic information,
        or other materials bearing the Accused Marks;

6.      Written assurances that you will make a record of all
        calls and contacts received, electronically,
        telephonically, in person, or otherwise, made by those
        responding to your use of the Accused Marks.  Such record

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
and
Mauge, Inc.
ATTENTION:  Ms. Carmen Maugeri
February 29, 2008
Page 6

shall include the correct name, phone number, address and e-mail address of the individual(s).  In addition to making a written record of those contacts, you must then immediately refer those individuals to our client by accurate name, accurate phone number, accurate address, and accurate e-mail address.  Such written record shall be made available to our client for inspection and photocopying;

7.      A full and complete copy of all provisional and final architectural renderings, drawings, designs, floor plans and other visual depictions of your condominium development as well as any documentation sufficient to identify the source and/or creative inspiration for the same; and

8.      An accounting and payment to our client of all profits earned by you and your company from the use of the Accused Marks.

In the event you fail to provide to us a satisfactory response to each of the foregoing demands, legal action may ensue against **both** your company and **all individuals** actively involved in and/or participating in the actions complained of herein.  In this regard, our client would seek to obtain the following judicial relief against you and your company:

1.      A permanent injunction enjoining you and your company from engaging in any infringing activity;

2.      A judgment for the maximum allowable amount of civil damages, including lost profits suffered by our client and where applicable, punitive damages;

Orchard Development Group, Inc.
ATTENTION: Mr. James Case, President
and
Mauge, Inc.
ATTENTION:  Ms. Carmen Maugeri
February 29, 2008
Page 7


3.      The transfer of the Accused Domain Name to our client;

4.      The destruction of any remaining infringing information;

5.      An award of attorney's fees; and

6.      Other relief as may be imposed by the Court.


While our client takes very seriously the rights at issue, a
prompt and appropriate response will bring this matter to a
speedy end.  In this regard, we will need to receive a response
**immediately** in order to avoid further legal action.


We look forward to hearing from you.



                        Sincerely,

                        Jennifer L. Whitelaw


cc: client